LEHAN, Judge.
Defendant appeals from a final judgment which divided various assets between plaintiff and defendant who lived together for five years but were not married. Plaintiff contends that the parties had an agreement to pool their resources and to jointly acquire real property and other assets. We conclude that the final judgment should be reversed and remanded.
The plaintiff initiated this action by filing a petition for declaratory relief. The petition requested damages and other relief under claims of express contract, implied contract, quantum meruit, and constructive trust. The defendant filed a counter-petition for declaratory and other relief under claims of fraud, conversion, replevin, and constructive trust. After a nonjury trial, the trial court issued a final judgment which contained no findings of fact or law, and which divided some of the parties’ assets between them. During the parties’ relationship, six parcels of real estate were acquired. The final judgment distributes these parcels to one or the other of the parties with no regard for whether the property had been titled in plaintiff’s name, defendant’s name or joint names. The final judgment also ordered a division of a jointly-held Charles Schwab account, but the judgment made no distribution of other assets which had been specifically mentioned in the pleadings.
Defendant contends that there was no evidence to support any theory of law pleaded by the plaintiff which would allow the transfer of property made in the final judgment. Of the claims made by the plaintiff in her petition, the only one which could validly result in the transfer of title to real property, as opposed to money damages, was the claim of a constructive trust. However, while the claim of each for a constructive trust, if supported by the evidence, might support a transfer to that party from the other party of property, those theories would not support the final judgment. Under the circumstances of this case reciprocal constructive trusts, even if *537 potentially valid, would not result in the distribution scheme set out in the final judgment.
As to plaintiffs claims of breach of contract, the evidence did not show the existence of any agreement between the parties, express or implied, that all real property acquired during the relationship would be jointly-owned. Although defendant did testify that during the relationship he intended to plan for the financial security of plaintiff and her three children, as well as his own financial security, this testimony does not establish that his plan encompassed an agreement between the parties to place all property in joint names.
It appears that the trial court divided the parties’ assets in a manner like an equitable distribution in a dissolution of marriage action. However, we cannot approve of such a division of property between two nonmarital partners under the circumstances of this case. On remand, the trial court should consider what, if any, agreement the parties had concerning the acquisition of assets and should consider what relief may be proper under the theories of law pleaded.
The defendant also contends that the trial court’s division of the jointly-held Charles Schwab account was erroneous. The trial court divided the account by giving one-third to plaintiff and two-thirds to defendant and entered a money judgment against defendant for $23,352.08. However, the evidence appears to support defendant’s contention that plaintiff had withdrawn from the account for her personal use approximately $32,000 and, therefore, had already received more than one-third of the account. On remand, there should be a redetermination as to that account.
The final judgment failed to determine the rights of the parties to all of the property in issue, including a car, a motor home, and a joint income tax refund check. There should be a determination in that respect on remand.
Reversed and remanded for proceedings consistent with this opinion.
RYDER, A.C.J., and FRANK, J., concur.